**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 11-2898

_____

UNITED STATES OF AMERICA

v.

MARGARITA DIAZ,

Appellant

_____

On Appeal from the United States District Court
for the District of New Jersey
(Crim. No. 11-CR-00211)
District Judge: Honorable Katherine S. Hayden

_____

Submitted Under Third Circuit L.A.R. 34.1(a)
September 24, 2012

_____

Before: McKEE, *Chief Judge*, JORDAN and VANASKIE, *Circuit Judges*

(Opinion Filed:  January 11, 2013)

_____

OPINION

_____

McKEE, *Chief Judge*

Margarita Diaz appeals a judgment, entered July 12, 2011, by the United States District Court for the District of New Jersey, sentencing her to a twenty-four month prison term, and denying her request for a downward variance under 18 U.S.C. § 3553. For the reasons discussed below, we will affirm the District Court's judgment.

## I.

Because we write primarily for the benefit of the parties, we only briefly recite essential facts.

Diaz pled guilty pursuant to a plea agreement. Under the United States Sentencing Guidelines, Diaz had a level I criminal history category, and offense level of 17. That combination resulted in an advisory sentencing range of twenty-four to thirty months. She requested a downward variance in hopes of obtaining a probationary sentence. She argued that a variance was warranted because she had significant health problems, no prior criminal history, and because her daughters, now adults, had been sexually abused by her ex-husband. At Diaz's sentencing hearing, the District Court discussed and considered all of Diaz's mitigating circumstances, as well as other downward variance factors codified under § 3553(a). The Court rejected Diaz's argument and found that a twenty-four month prison term was warranted. This appeal followed imposition of sentence.

## II.

The District Court had subject matter jurisdiction under 18 U.S.C. § 3231, and we have jurisdiction pursuant to 18 U.S.C. § 3742(a). We review the reasonableness of the

District Court's sentence under an abuse of discretion standard. *See Gall v. United States*, 552 U.S. 38, 51 (2007). This requires that we ensure that the District Court "committed no significant procedural error, such as failing to calculate (or improperly calculating) the Guidelines range," and also "consider the substantive reasonableness of the sentence imposed." *Id*. If a "sentence is within the Guidelines range, [an] appellate court may, but is not required to, apply a presumption of reasonableness." *Id*. The fact that we "might have reasonably concluded that a different sentence was appropriate is insufficient to justify reversal." *Id*. This approach is based on the principle that "the sentencing judge is in a superior position to find facts and judge their import under § 3553(a) in the individual case." *Id*.

## III.

The sentencing transcript shows that the District Court correctly calculated the Guidelines range, allowed both parties to present their arguments regarding the appropriate sentencing range, considered all of the § 3553(a) factors, and thoroughly documented its reasoning. *See* Appx. at A24-25; *Gall*, 552 U.S. at 53. The record also refutes Diaz's claim of substantive error. The District Court considered whether Diaz's "lack of a criminal history, acceptance of responsibility, familial circumstances, and poor health warranted a measure of leniency." Brief of Appellant at 12. The Court analyzed those factors, and others listed under § 3553(a), and ultimately concluded that a sentence at the bottom of Diaz's range, rather than below, was warranted. *See* Appx. at A25.

Contrary to Diaz's allegations, the sentencing judge was quite sympathetic to her individual circumstances. The judge explained that if "the circumstances of Ms. Diaz's

3

life [were] less dramatic, perhaps I [would] even be sentencing in the middle of the Guideline range, but to the extent that they are genuine circumstances . . . I will sentence her at the bottom of the Guideline range . . . I find that it adequately punishes the offense . . . [and] to the extent that the deterrence brings that out loud and clear then the public is protected from not only Ms. Diaz by her incapacitation for a period of time, but by the fact that other people working at Ms. Diaz's job know she confessed to her crime promptly . . . [a]nd the Court imposed the Guideline sentence." Appx. at A25.

## IV.

For the reasons discussed above, we will affirm the District Court's judgment.

4